Criminal Notice of Appeal - Form A

# NOTICE OF APPEAL

United States District Court

Southern District of New York

U.S. DISTRICT COURT
FILED
FEB 28 2025
SOUTHERN DISTRICT OF NEW YORK

Caption:

UNITED STATES OF AMERICA v.

JOY HARRIS

Docket No.: 24 Cr. 207 (LAK)

Hon. Lewis A. Kaplan
(District Court Judge)

Notice is hereby given that JOY HARRIS appeals to the United States Court of Appeals for the Second Circuit from the judgment ✓, other ORDER OF RESTITUTION (specify) entered in this action on 02/26/2025 (date).

This appeal concerns: Conviction only |___| Sentence only |___| Conviction & Sentence ✓ Other |___|

Defendant found guilty by plea | | trial ✓ | N/A |

Offense occurred after November 1, 1987? Yes ✓ No | N/A |

Date of sentence: 02/26/2025    N/A |___|

Bail/Jail Disposition: Committed |___| Not committed ✓ N/A |

Appellant is represented by counsel? Yes ✓ | No | If yes, provide the following information:

| | |
|---|---|
| Defendant's Counsel: | Mikhail Usher, Esq. |
| Counsel's Address: | 1022 Avenue P, 2nd FL |
| | Brooklyn, NY 11223 |
| Counsel's Phone: | (718) 484-7510 |
| Assistant U.S. Attorney: | Jerry Jia-Wei Fang |
| AUSA's Address: | One St. Andrew's Plaza |
| | New York, NY 10007 |
| AUSA's Phone: | (212) 637-1024 |

Signature: Mikhail Usher

37573 #665.00  2/28/2025 DB

Case 1:24-cr-00207-LAK   Document 51   Filed 02/28/25   Page 2 of 14
Case 1:24-cr-00207-LAK   Document 49   Filed 02/26/25   Page 1 of 3
Case 1:24-cr-00207-LAK   Document 47-2   Filed 02/21/25   Page 1 of 3

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/26/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

JOY HARRIS,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER OF RESTITUTION

24 Cr. 207 (LAK)

    Upon the application of the United States of America, by its attorney, Matthew Podolsky, Acting United States Attorney for the Southern District of New York, Jerry J. Fang and Meredith C. Foster, Assistant United States Attorneys, of counsel; the presentence investigation report; the defendant's conviction on Counts One and Two of the Indictment; and all other proceedings in this case, it is hereby ORDERED that:

### 1. Amount of Restitution

    JOY HARRIS, the defendant, shall pay restitution in the total amount of $54,150, pursuant to 18 U.S.C. §§ 3663 and 3663A, to the New York City Housing Authority, Revenue and Receivable Division, ATT: Billing Section, 90 Church Street 6th Floor, New York, New York, 10007, the victim of the offense charged in Count One. Upon advice by the United States Attorney's Office of a change of address of the victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

    Restitution is not joint and several with any other defendants or with any others not named herein.

### 2. Schedule of Payments

    Pursuant to 18 U.S.C. § 3664(f)(2) (incorporating § 3572), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly

Case 1:24-cr-00207-LAK   Document 51   Filed 02/28/25   Page 3 of 14
Case 1:24-cr-00207-LAK   Document 49   Filed 02/26/25   Page 2 of 3
Case 1:24-cr-00207-LAK   Document 47-2   Filed 02/21/25   Page 2 of 3

controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule that follows:

The total amount of restitution is due immediately; however, in the interest of justice, restitution will be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2). The defendant will commence monthly installment payments of at least 10% of the defendant's gross income on the 15th day of each month, except that while the defendant serves a term of imprisonment, the required installment payments may be made through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Program (IFRP), subject to 18 U.S.C. § 3664(n).

This schedule is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A), to the extent warranted.

### 3. Payment Instructions

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write the defendant's name and the docket number of this case on each check or money order.

### 4. Change in Circumstances

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address, or (2) any

2

Case 1:24-cr-00207-LAK   Document 51    Filed 02/28/25   Page 4 of 14
Case 1:24-cr-00207-LAK   Document 49    Filed 02/26/25   Page 3 of 3
Case 1:24-cr-00207-LAK   Document 47-2  Filed 02/21/25   Page 3 of 3

material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

### 5. Term of Liability

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

SO ORDERED: _____    _____
HONORABLE LEWIS A. KAPLAN                      DATE  1/26/2~
UNITED STATES DISTRICT JUDGE

3

Case 1:24-cr-00207-LAK   Document 51   Filed 02/28/25   Page 5 of 14
Case 1:24-cr-00207-LAK   Document 48   Filed 02/26/25   Page 1 of 3
Case 1:24-cr-00207-LAK   Document 47-1   Filed 02/21/25   Page 1 of 3

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/26/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
UNITED STATES OF AMERICA                                      :
                                                              :   PRELIMINARY ORDER OF
            - v. -                                            :   FORFEITURE/
                                                              :   MONEY JUDGMENT
JOY HARRIS,                                                   :
                                                              :   24 Cr. 207 (LAK)
            Defendant.                                        :
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about April 4, 2024, JOY HARRIS (the "Defendant"), was charged in an Indictment, 24 Cr. 207 (LAK) (the "Indictment"), with solicitation and receipt of a bribe by agent of organization receiving federal funds, in violation of Title 18, United States Code, Section 666(a)(1)(B) (Count One); and extortion under color of official right, in violation of Title 18, United States Code, Section 1951 (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, on or about October 17, 2024, the Defendant was found guilty, following a jury trial, of Counts One and Two of the Indictment;

WHEREAS, the Government asserts that $54,150 in United States currency represents the proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, that the Defendant personally obtained;

Case 1:24-cr-00207-LAK   Document 51    Filed 02/28/25   Page 6 of 14
Case 1:24-cr-00207-LAK   Document 48    Filed 02/26/25   Page 2 of 3
Case 1:24-cr-00207-LAK   Document 47-1  Filed 02/21/25   Page 2 of 3

WHEREAS, the Government seeks a money judgment in the amount of $54,150 in United States currency, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), representing the proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One and Two of the Indictment, to which the Defendant was found guilty, following a jury trial, a money judgment in the amount of $54,150 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, JOY HARRIS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

Case 1:24-cr-00207-LAK   Document 51     Filed 02/28/25   Page 7 of 14
Case 1:24-cr-00207-LAK   Document 48     Filed 02/26/25   Page 3 of 3
Case 1:24-cr-00207-LAK   Document 47-1   Filed 02/21/25   Page 3 of 3

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
February 26, 2025

SO ORDERED:

_____
HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

AO 245B (Rev. 09/19)   Judgment in a Criminal Case   (Form modified within District on October 3, 2024)
Sheet 1

**ORIGINAL**

# UNITED STATES DISTRICT COURT

Southern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Joy Harris | ) | Case Number: 1:24-CR-207-01(LAK) |
| | ) | USM Number: 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 |
| | ) | Mikhail Usher, Esq. and Alex Susi, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☑ was found guilty on count(s)   One and Two
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §666(a)(1)(B) | Solicitation and Receipt of a Bribe by Agent of Organization Receiving Federal Funds | 3/31/2021 | One |
| 18 U.S.C. § 1951 | Extortion Under Color of Official Right | 3/31/2021 | Two |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Judgment: 2/26/2025

Signature of Judge

Hon. Lewis A. Kaplan, U.S.D.J.
Name and Title of Judge

Date: 2/27/25

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/25

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  2  of  6

DEFENDANT: Joy Harris
CASE NUMBER: 1:24-CR-207-01(LAK)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
41 Months on each of Counts 1 and 2, the terms to run concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m.  ☐ p.m.  on _____.

  ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☑ as notified by the Probation or Pretrial Services Office, but she shall not be required to surrender before April 9, 2025.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page **3** of **6**

DEFENDANT: Joy Harris
CASE NUMBER: 1:24-CR-207-01(LAK)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 Years subject to the mandatory, standard, and following special conditions of supervised release:

1) You must provide the probation officer with access to any requested financial information.

2) You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless you are in compliance with the installment payment schedule.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT: Joy Harris
CASE NUMBER: 1:24-CR-207-01(LAK)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

Case 1:24-cr-00207-LAK   Document 51   Filed 02/28/25   Page 12 of 14
Case 1:24-cr-00207-LAK   Document 50   Filed 02/27/25   Page 5 of 6

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  6
DEFENDANT: Joy Harris
CASE NUMBER: 1:24-CR-207-01(LAK)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ 54,150 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| New York City Housing Authority, | $54,150.00 | $54,150.00 |  |
| Revenue and Receivable Division, |  |  |  |
| ATT: Billing Section, 90 Church St., 6th Fl. |  |  |  |
| New York, NY 10007 |  |  |  |

| TOTALS | $ 54,150.00 | $ 54,150.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: Joy Harris
CASE NUMBER: 1:24-CR-207-01(LAK)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 200.00 due immediately, balance due

☐ not later than _____ , or
☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:
See the Order of Restitution, DI 49, for payment schedule and instructions.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
$54,150 As further set forth in the PRELIMINARY ORDER OF FORFEITURE/MONEY JUDGMENT (DI 48).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# U.S. District Court

## New York Southern - Manhattan

Receipt Date: Feb 28, 2025 1:12PM

USHER LAW GROUP P.C. FBO JOY HARRIS

| Rcpt. No: 37573 | | Trans. Date: Feb 28, 2025 1:12PM | | | Cashier ID: #SS (6367) |
|---|---|---|---|---|---|
| **CD** | **Purpose** | **Case/Party/Defendant** | **Qty** | **Price** | **Amt** |
| 203 | Notice of Appeal/Docketing Fee | | 1 | 605.00 | 605.00 |

| **CD** | **Tender** | **Amt** |
|---|---|---|
| CC | Credit Card | $605.00 |
| | Total Due Prior to Payment: | $605.00 |
| | Total Tendered: | $605.00 |
| | Total Cash Received: | $0.00 |
| | Cash Change Amount: | $0.00 |

**Comments:** 24CR00207 LAK

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.