

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 13, 2025

**BY ECF**
The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

     Re:    *United States v. Joy Harris,* No. 24-CR-207 (LAK)

Dear Judge Kaplan:

     The Government writes in response to the Court's inquiry regarding the documents the above-referenced defendant sent to the Court. The Government respectfully submits that the defendant's *pro se* submission should not be docketed for the following reasons.

     On February 26, 2025, the Court sentenced Ms. Harris to 41 months of imprisonment and ordered her to pay restitution in the amount of $54,150.00 to the New York City Housing Authority ("NYCHA") upon her convictions for solicitation and receipt of a bribe by an agent of an organization receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B) and extortion under color of official right in violation of 18 U.S.C. § 1951.

     The Government is responsible for the collection of the restitution that Ms. Harris owes to NYCHA. *See* 18 U.S.C. § 3612(c); *id.* § 3771(c)(1). The Mandatory Victim Restitution Act ("MVRA") expressly authorizes the Government to collect restitution "by all . . . available and reasonable means," *id.* § 3664(m)(1)(A), including "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law," *id.* §§ 3613(a), (f). Accordingly, pursuant to N.Y. CPLR §§ 5222, 5224, the Government served a Restraining Notice and Information Subpoena directed to the City of New York Deferred Compensation Plan ("the Respondent") for any nonexempt retirement funds that may be available to Ms. Harris due to her decades of employment by NYCHA.

     Additionally, the Government provided notice of the Restraining Notice and Information Subpoena to Ms. Harris along with the list of exemptions available under 18 U.S.C. § 3613 and instructions concerning how to claim an exemption. It appears that the documents Ms. Harris sent to the Court included her attempt to claim exemptions for various items of property that are neither sought by the process served nor the type of funds that may be held by the Respondent. Ms. Harris also mistakenly completed the Answer of the Respondent form, which included information regarding her accounts held elsewhere.

      The Government respectfully submits that unless or until the Respondent informs the Court and the Government that it holds nonexempt property for Ms. Harris, there is no property at issue or claims to adjudicate, and no need to docket Ms. Harris's submission. The Government instead respectfully requests that the Court send Ms. Harris's documents to the undersigned for further consideration in connection with the collection of her judgment debt.

                                        Respectfully,

                                        JAY CLAYTON
                                        United States Attorney

                                By: */s/ Melissa A. Childs*
                                    MELISSA A. CHILDS
                                    Assistant United States Attorney
                                    86 Chambers Street, 3rd Floor
                                    New York, New York 10007
                                    Telephone: (212) 637-2711

cc: Joy Harris (by mail)