USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 08/19/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

-against-

24-cr-207 (LAK)

JOY HARRIS,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

LEWIS A. KAPLAN, *District Judge.*

Defendant Joy Harris is a former New York City Housing Authority official who over the course of approximately six years demanded and accepted tens of thousands of dollars in bribes in exchange for awarding hundreds of thousands of dollars of no-bid contracts to contractors. Following a jury trial, Harris was convicted of solicitation and receipt of a bribe by an agent of an organization receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(B), and extortion under color of official right, in violation of 18 U.S.C. § 1951. In February 2025, this Court sentenced her principally to a term of imprisonment of 41 months on each count, to run concurrently. The Second Circuit affirmed.

The final presentence investigation report noted that Harris's father, then 74, suffered from dementia and Parkinson's disease.[1] At the time, Harris reported that she and her brother shared responsibility for his care and that her father split time living with her and her brother.[2] In her sentencing submission and at the sentencing hearing, Harris raised her caregiving responsibilities as a ground for leniency.[3] In response, the Government noted that Harris had not demonstrated that

---

1 PSR (Dkt 44) ¶ 53.

2 *Id.*

3 Sentencing Tr. (Dkt 52) at 19:1-9; Harris Sentencing Submission (Dkt 45) at 5.

other family members, including her brother and a son who lives in Brooklyn, would be unable to care for her father in her absence.[4]

Harris now has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), arguing that there are extraordinary and compelling reasons to reduce her sentence.[5] The sole basis for that contention appears to be that she purportedly is the sole caregiver to her father, who she says now is confined to a wheelchair and needs daily care. The incapacitation of a defendant's parent can be a ground for compassionate release "when the defendant would be the only available caregiver for the parent."[4] But Harris has failed to demonstrate that there are no other family members capable of caring for her father. Her motion makes no relevant mention of her brother, her son in Brooklyn, or her husband, who apparently lives in the same home where Harris proposes to care for her father. Although she summarily asserts that there are no other family members who can care for her father within their homes, she provides no specifics explaining why that is true. Harris's caregiving is a matter the Court considered at the time of sentencing, and Harris's motion does not demonstrate any significant change in circumstances warranting the extraordinary relief she seeks.

In any event, the Section 3553(a) factors counsel against a reduced sentence in this case. As the Court explained at sentencing, the 41-month sentence Harris received was justified by "the betrayal of the city, betrayal of the Housing Authority, the undermining of the legal system by the giving of patently false testimony under oath, [and] the lack of any remorse."[5] In consideration of the goals of sentencing and all of Harris's personal circumstances, no adjustment to her sentence is warranted.

For the foregoing reasons, the motion for a sentence reduction and appointment of counsel (Dkt 69) is denied. The Clerk respectfully is directed to mail a copy of this order to the defendant.

SO ORDERED.

Dated: August 19, 2026

Lewis A. Kaplan
United States District Judge

---

4 Sentencing Tr. at 26:7-23; Gov't Sentencing Submission (Dkt 46) at 13-14.

5 Dkt 69.

4 U.S.S.G. § 1B1.13(b)(3)(B).

5 Sentencing Tr. at 31:18-22.